UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN E. EBERHARDT, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3269 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| VILLAGE OF TINLEY PARK, a Municipal | ) | |
| Corporation, Cook and Will Counties, IL, JACOB C. | ) | |
| VANDENBERG, Mayor/Village President, MICHAEL | ) | |
| W. GLOTZ, Trustee/Mayor Pro-Tem, DAVID J. | ) | |
| NIEMEYER, Village Manager, PAUL O'GRADY, | ) | |
| Village Attorney, PATRICK CONNELLY, Village | ) | |
| Attorney, and DOUGLAS S. SPALE, former Village | ) | |
| Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Stephen Eberhardt brings this suit against the Village of Tinley Park and six of its officials, alleging they violated his rights under the U.S. Constitution and Illinois law by placing limitations on his ability to participate at Tinley Park Village Board meetings. Doc. 1. Defendants move to dismiss the complaint under Civil Rule 12(b)(6) for failure to state a claim, or, in the alternative, under Rule 41(b) for failure to abide by the pleading requirements of Rules 8(a)(2) and 10(b). Doc. 33. The complaint is dismissed without prejudice on the latter ground.

Rule 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires the plaintiff to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Eberhardt's complaint contains 110 pages, 675 numbered paragraphs, and 25 counts. Its tangled mix of factual and legal assertions is so lengthy, repetitive, and jumbled as to make it impossible for Defendants or the court to ascertain which facts are relevant to which claims and to which defendant(s). It is "exactly the type of 'kitchen sink approach to pleading'" that the Seventh Circuit has found to violate Rules 8 and 10. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013); *see also Stanard*, 658 F.3d at 796-800; *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376-79 (7th Cir. 2003).

Although "undue length ordinarily does not justify the dismissal of an otherwise valid complaint," "unintelligibility is certainly a legitimate reason for doing so." *Stanard*, 658 F.3d at 797-98. And because the purpose of Rules 8(a)(2) and 10(b) is to place the defendants on notice of the plaintiff's claims, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy. *Ibid*.; *see also Garst*, 328 F.3d at 378 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."). Here, the complaint's length, repetitiveness, and excessive incorporation of large swaths of factual allegations in each count make it impossible to evaluate what each defendant is alleged to have done what and how that defendant may have violated Eberhardt's rights. And while "shotgun pleading" is not categorically prohibited, Eberhardt's employment of that technique renders his complaint inscrutable.

At argument on the motion to dismiss, Eberhardt expressed concern that the factual and legal premises for his claims are so complex that he cannot satisfy Rule 8(a)(2) in fewer than 110 pages. The court has faith that Eberhardt, an experienced attorney proceeding *pro se*, can find a

way to do so with sufficient effort and attention. The court regularly sees far more complex claims pleaded in far more condensed and understandable fashion.

Because the complaint violates Rules 8(a)(2) and 10(b), it is dismissed under Rule 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails … to comply with these rules … , a defendant may move to dismiss the action or any claim against it."). Given this disposition, the court need not address Defendants' submission that the complaint should be dismissed under Rule 12(b)(6) or that certain portions should be stricken under Rule 12(f). The dismissal is without prejudice, and Eberhardt is given until November 4, 2020, to file an amended complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("[A] plaintiff whose original complaint has been dismissed … should be given at least one opportunity to try to amend … ."). If Eberhardt does not replead, the dismissal will automatically convert to a dismissal with prejudice. If Eberhardt repleads, Defendants will have until November 18, 2020, to file a responsive pleading.

October 14, 2020

_____

United States District Judge