UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN E. EBERHARDT,        )
                 )
          Plaintiff,   )  20 C 3269
                 )
     vs.          )  Judge Gary Feinerman
                 )
VILLAGE OF TINLEY PARK, a Municipal )
Corporation, JACOB C. VANDENBERG,  )
Mayor/Village President, MICHAEL W. GLOTZ, )
Trustee/Mayor Pro-Tem, DAVID J. NIEMEYER, )
Village Manager, PAUL O'GRADY, Village Attorney, )
PATRICK CONNELLY, Village Attorney, and )
DOUGLAS S. SPALE, former Village Attorney, )
                 )
         Defendants.  )

### MEMORANDUM OPINION AND ORDER

In February 2020, Stephen Eberhardt, an attorney representing himself *pro se*, filed a suit

(not this one) against the Village of Tinley Park and several of its officials. *Eberhardt v. Vill. of*

*Tinley Park*, No. 20 C 1171, Doc. 1 (N.D. Ill.) (Norgle, J.) ("*Eberhardt I*"). The complaint

contains 102 pages, 564 numbered paragraphs, and 19 counts, so it is difficult to summarize, but

its gist was that the defendants had manipulated the rules and procedures of Tinley Park Village

Board meetings in violation of Eberhardt's rights under the First Amendment and Illinois law.

*Ibid*. Eberhardt names as defendants the Village of Tinley Park, its mayor, clerk, mayor *pro tem*,

village manager, assistant village manager, and various others, including its outside counsel. *Id*.

at ¶¶ 12-22. Eberhardt seeks the following relief: (1) a declaration that a particular village

ordinance is unconstitutional and an injunction against its enforcement; (2) a declaration that the

Village must accommodate anonymous public comments at its meetings; (3) a declaration that

certain Village Board meeting rules are unconstitutional; (4) a declaration that certain

impediments to his ability to engage with the Village's social media are unconstitutional, and an injunction removing those impediments; (5) punitive damages; (6) disclosure of records relating to Village policies, and a declaration that the failure to make those records available violates Illinois law; and (7) a declaration that the Village's counsel lacked the authority to represent it, an injunction against counsel's continued representation of the Village, and an order requiring counsel to reimburse the Village taxpayers for any fees. *Id.* at ¶ 8.

In June 2020, Eberhardt, again representing himself *pro se*, filed this suit ("*Eberhardt II*"). Doc. 1. This court dismissed the complaint for failure to comply with Civil Rules 8(a)(2) and 10(b), Doc. 48, and Eberhardt filed an amended complaint, Doc. 49. Like *Eberhardt I*, this suit names as defendants the Village of Tinley Park and its mayor, mayor *pro tem*, and village manager. Doc. 1 at ¶¶ 8-11; Doc. 49 at ¶¶ 8-11. This suit also names three village attorneys. Doc. 1 at ¶¶ 12-14; Doc. 49 at ¶¶ 12-14. The original complaint contained 110 pages, 675 numbered paragraphs, and 25 counts. Doc. 1. It, too, is hard to summarize, but its gist is the same as that of *Eberhardt I*—that the defendants manipulated the rules and procedures for Village Board meetings in violation of Eberhardt's rights under the First Amendment and Illinois law. *Ibid.* As relief, Eberhardt seeks various declarations and injunctions giving him the opportunity to speak on topics of his own choosing at Village Board meetings, as well as punitive damages. Doc. 1 at pp. 53, 55-56, 58-59, 61-76, 78, 80, 82-85, 87-88, 90, 92-93, 95-96, 98-99, 101, 104, 106-07. The amended complaint is slimmed down a bit, weighing in at 66 pages, 405 numbered paragraphs, and 19 counts, but its gist and requested relief are materially identical to those of the original complaint. Doc. 49.

A district court may dismiss a suit "whenever it is duplicative of a parallel action already pending." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation

marks omitted). A dismissal on this ground does not require that the later suit be identical to the former suit. Rather, "a suit is duplicative if the claims, parties, and available relief do not *significantly differ* between the two actions." *Ibid*. (emphasis added) (internal quotation marks omitted). A district court is "accorded a great deal of latitude and discretion in determining whether one action is duplicative of another." *Ibid*. (internal quotation marks omitted).

Eberhardt himself recognizes the close similarity between his two suits, as he moved the judge presiding over *Eberhardt I* to issue an order under Local Rule 40.4 reassigning *Eberhardt II* to that judge's calendar. *Eberhardt I*, ECF No. 62. In his motion, Eberhardt described *Eberhardt I* as "seek[ing] redress for the Defendants' violations of Plaintiff's First Amendment rights as well violations of the Illinois Open Meetings Act and Freedom of Information Act based on a pattern and practice of rules, policies, practices, procedures, customs and/or usages that resulted in content-based viewpoint discrimination as well as other issues," and he described *Eberhardt II* as "naming some of the same and adding some additional Defendants that also seeks redress for the Defendants' violations of Plaintiff's First Amendment rights based the continuing actions of the Defendants that constitute and evidence a further pattern and practice of rules, policies, practices, procedures customs and/or usages that resulted in content-based viewpoint discrimination that violated Plaintiff's First Amendment rights that occurred subsequent to the filing of the Complaint herein." *Id*. at ¶¶ 2, 4. And Eberhardt argued that both suits "involve the same issues of fact and law, and … arise generally out of transactions and occurrences that are the same and similar transactions and occurrences that continued after the filing of" *Eberhardt I*. *Id*. at ¶ 7. The defendants in *Eberhardt I* do not object to Eberhardt's Local Rule 40.4 motion. *Eberhardt I*, ECF No. 83.

A review of the two suits reveals that the correct course is to dismiss this suit as duplicative of *Eberhardt I*.  As outlined above, the two suits share significant overlap as to (1) the named defendants, (2) the alleged facts, (3) the asserted legal rights, and (4) the requested relief.  *See Serlin*, 3 F.3d at 223-24.  There are no "special factors counseling for … exercise of jurisdiction" over this suit.  *Id*. at 224.  Allowing this suit to proceed, accordingly, would not advance "wise judicial administration."  *Id*. at 223.  Given the factual and legal overlap between the two suits, any events that have occurred since Eberhardt initiated *Eberhardt I* are proper fodder for an amended complaint there, not any complaint in this materially identical suit.

This suit is dismissed.  The dismissal of course is without prejudice to Eberhardt pressing his claims in *Eberhardt I*.

November 9, 2020

_____
United States District Judge

4